We'll hear argument now in the case of Loughran against Wells Fargo. Mr. Smith. Thank you. May it please the court. My name is John Smith. I represent the plaintiffs Daniel Loughran and Margaret Loughran. I was their attorney since 2014, January 2014, when I filed their answer at that time, affirmative defenses. I represented them. That was in 2014, so that was around the time that the National Mortgage Settlement was common knowledge. So Mr. Smith, I have a question for you. When I read the district court's opinion, I was left with the strong impression that this was a dismissal on Colorado River Ground. It wasn't a dismissal. It was a stay of proceedings in the district court without prejudice, and the court essentially held the door open for you to come back after the state courts are finished with this, which leads me to question our appellate jurisdiction. It's very hard, even looking at Moses Cone, for me to see this as anything remotely resembling a final judgment. The district court has said, come on back if there's more, and so I would like you to discuss that for a minute. I have not prepared. I didn't reread Moses Cone for purposes of today. All right. I'm not going to force you to do it on the fly then, but I'll tell you that that's a real concern of mine. I believe that jurisdiction was also discussed by the appellees. I thought that they also stated that there was jurisdiction. They did, but you know, obviously we need to satisfy ourselves of appellate jurisdiction. I'm not worried about the district court's matters conclude in a more definitive way, I guess I'll say, but this one doesn't seem to be one of those times. Well, if the judge abused her discretion by granting the stay, I believe that that would be an issue for the appellate court. Whether or not the cases are parallel, I believe is an issue for the parties. When I filed the federal case, I had never heard of Colorado River, so I did not leave U.S. Bank out of the case because of Colorado River. Well, let's move to Colorado River then. There's a presumption that the federal court will keep a case, but on the other hand, in the Colorado River case itself, the court didn't follow that path, and there are cases where it's appropriate for, in the interest of, as they say, wise judicial administration, to allow a state court proceeding to go on. A lot of your complaint was literally a cut and paste from what was going on in the state court, so it's hard for me to see in this picture an abuse of discretion. Well, if you look at the affirmative defense, I believe that you refer to as a cut and paste. I think it's basically, I mean, it's basically letting the state court know what the defense is, but it's not asking the state court to decide any of the substantive claims. Let me try this. One way of looking at this case appears to be your effort to get a federal court to monitor the quality of proceedings going on in a state court, to monitor what the lawyers are doing, to make sure the lawyers are not misrepresenting things, to make sure that the right judge is there, which sound to me like quintessentially matters for the state court to do for itself. Is that wrong? Well, I think it's a wrong assessment of what I'm asking the federal court to do. I believe that what the abuse of discretion, I believe what the district court stated was that if U.S. Bank has standing, then that means that there's no violation of the FDCPA, or at least that's how I believe the appellees are interpreting it. So that would mean that, let's just put it this way, if I'm a practitioner and I have a note that's attached to a Wells Fargo and it's not endorsed to anyone, I think as a practitioner it's incumbent upon me to make sure that that note, the original, is endorsed and that the plaintiff has standing. Now when the note that is attached to the complaint is not endorsed, that means that I, as a practitioner, should be able to see the original. Now if I try to get the original from the plaintiff and they produce it, well then I guess that's fine, there's really no harm done, but if the plaintiff states that XYZ has the original but XYZ doesn't have the original, and now I have to like go through a lot more steps to try to get a hold of the original and see if the original actually is endorsed and that the plaintiff does have standing, well then I believe that the fact that they stated XYZ had possession when XYZ didn't have possession and caused me all this extra work, I believe should be actionable under the FDCPA. Can you tell us a little bit more about what's happening with the bankruptcy proceedings at this point and why, in your view, they don't affect this case? My understanding right now is that the bankruptcy was dismissed. I'm not the attorney for the bankruptcy court or for the bankruptcy case. Due to unreasonable delay, I don't know much about it. I did not appear on it. I'm not versed in I believe it was, yeah, it was dismissed for unreasonable delay or something like that. Okay, thank you. Which came as a surprise to me because I wasn't handling it. Thank you. I really don't, there's not a lot that I think that I have other than then over and above what's been stated in the briefs, other than I think that the issue is, you know, where do, if we were trying to determine who the holder is or, you know, who the proper plaintiff is, do we look to the UCC or do we look to a pooling and servicing agreement? Because normally, we would look to the UCC and we should only have to look to the UCC because there's, you know, a myriad of pooling and servicing agreements. And I think the FDCPA, I mean, we can talk about pooling and servicing agreements now, and we're all experts about pooling and servicing agreements now. But back in 2014, 2015, trust me, we weren't. And it wasn't until 2017 that, you know, after two years had gone by, and I found out that my client's case was still pending, that I realized that it's possible that what they told me back in 2015 was not true. Now, what I did was I issued discovery, and I asked U.S. Bank or the attorney purporting to represent U.S. Bank, could I see the original? And she stated that she did not have it in her possession at that time. And then she also objected to the pooling and servicing agreement. This time, I asked for the pooling and servicing agreement. Then when I saw that the custodian was Wells Fargo, I had to go through Wells Fargo to get a copy of the original to do my due diligence as a custodian. Now, I mean, why did they state in the affidavit that it wasn't in possession of Wells Fargo? I don't know. But it caused a lot more work for me than if it had. And now if we're going to just say, lo and behold, oh, well, you know, I mean, if you don't value your time, then maybe there's been no harm done. But when I'm trying to do my job for my client, and I'm relying on an affidavit that says that the U.S. Bank is in possession, I should be allowed to just do a notice to produce. Okay, now when it's not produced, and I've got a pooling and servicing agreement that I have to compel, and now that pooling and servicing agreement is in effect, that the, yes. Ms. Oterizzi. Good morning, Your Honor. It's Michelle Oterizzi for defendants at police. On the jurisdictional issue, Your Honor, we did look at that. Moses Cone was a situation where it was tantamount to a dismissal, because the arbitrability issue was going to be decided in the state court. And there are certainly cases in the Wegman case, where the court said, well, 1291 applies because it's tantamount to a final judgment. But in Moses Cone, the court does say that it was appealable because the object of the stay was to require all or an essential part of the federal suit to be litigated in a federal, in a state forum. That's note, footnote 11. And that's true here, because what the federal court did was to require the issues about standing and possession of the note to be litigated in state court. And that is 99% of the federal court. Okay, so your position would be that there's at least practical finality, even though the district court chose to use a stay and chose to say you can come back. I think that's right, Your Honor. And we looked at other cases like the Freed case, in which we cite in our brief in the Seventh Circuit, where the court didn't really inquire into the jurisdictional issue. But there were clearly state or federal issues to be decided after the state court ruled. So I think that's become the default position. Also, Moses Cone talks about the collateral order doctrine, which we think would apply here, because you're deciding conclusively an issue, the issue of who's going to decide these issues of state law, and there's really no way to appeal after them. So that's why we acquiesced and didn't argue against there being appellate jurisdiction. Okay, thank you. On the merits of the Colorado River argument, I think there's, as you know, the test is whether it was substantially the same parties litigating substantially the same issues, such that there's a substantial likelihood that the state proceeding will resolve the federal proceeding. That standard was met here, Your Honor noted that the federal complaint is largely a cut and paste from their affirmative defenses, that is true. And in their brief, they say, well, we're talking about misrepresentations in the federal case, but the misrepresentations are all statements in the state court action about standing. So if the state court finds that US Bank had standing, the federal claims will be resolved. If the case court says they do not have standing, that will also largely resolve the federal claims, because Wells Fargo has admitted that it's in privity with US Bank. It's US Bank's agent, it's the servicer for the mortgage, it admits it's in privity, and therefore, under Illinois law, you have preclusion on both sides, both ways. In their reply brief, the Laughrins talk about Rooker-Feldman, it's not a Rooker-Feldman issue, it's a preclusion issue here. So we have the substantially the same parties, substantial likelihood that the state action is going to resolve the federal claims. And on the discretionary factors, the court did what it was supposed to do, it went through all 10 of the factors this court has identified. It did it with an eye toward the fact that it has a duty to decide cases. And I don't think there's any way it can be viewed as an abuse of counsel complains about various things that it took too long to get information. But the statements were true. From our point of view, US Bank had possession because Wells Fargo had possession as US Bank's custodian. And the question that's going to be decided as a matter of state law in the state proceeding is whether that's enough to give them standing to bring the action. And as Your Honor said, if there are issues involving how long things took, or that someone was acting unfairly, the proper way to deal with that is through sanctions motions in the state court, not through a federal claim. So if Your Honors have no more questions, we would ask you to affirm the stay order in this case. I don't hear any other questions. So thank you, Ms. Oterizzi. The case is under advisement.